UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL C. STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00149-JRS-MKK |
| ) | |
| PAUL FELIX, ) | |
| KATHY KREAG WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

**Order on Motion to Dismiss and Motion for Judgment on the Pleadings**

In his Complaint, Michael Steele alleges that Judge Paul Felix and Kathy Kreag-Williams deprived him of various Constitutional rights in violation of 42 U.S.C. §1983 while Judge Felix presided over Steele's case in Hamilton County Circuit Court. (ECF No. 1.)  Judge Felix now moves to dismiss Steele's Complaint under Rule 12(b)(6) for failure to state a claim.  (ECF No. 14.)  Kreag-Williams moves for a judgment on the pleadings under Rule 12(c).  (ECF No. 19.)  Because Judge Felix is entitled to judicial immunity for the acts challenged by Steele, and because Steele responds to Kreag-Williams' motion by admitting he has no facts to support a §1983 claim against her, the Court **grants** both motions.

    **I.**    **Legal Standard**

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted challenges "the legal sufficiency of a complaint" under Rule 8(a)'s standards.

*Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). Under Rule 8(a), a complaint must contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678; *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). A complaint is not required to identify legal theories, and "specifying an incorrect legal theory is not a fatal error." *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law," meaning the Rule's scope is not limited to claims which are "obviously unsupportable." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Rule 12(c) rule provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion "should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (quoting

*Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020)). In other words, "judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party…is entitled to judgment as a matter of law." *See Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017).

## II. Discussion

### i. Claim against Judge Felix

"Absolute judicial immunity shields judicial and quasi-judicial actors from liability for civil damages arising out of the performance of their judicial functions." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004) (citing *Butz v. Economou,* 438 U.S. 478 (1978)). "Whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, but rather he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Bradley v. Fisher*, 80 U.S. 335, 336 (1871).

In his Complaint, Steele argues that two specific acts taken by Judge Felix violated Steele's Constitutional rights. The first involves Judge Felix entering summary judgment against Steele in a case in Hamilton County Circuit Court. (Pl's Compl. 3, ECF No. 1.) The second relates to an order entered by Judge Felix awarding

attorneys' fees to Steele's opponent in the same case. (*Id.* at 2.) There can be no doubt that the acts of granting summary judgment and awarding attorneys' fees are functions routinely performed by a state-court judge and are therefore "judicial" in nature. Steele does not seem to challenge this point. Instead, he alleges that the Judge acted in absence of all jurisdiction, meaning ordinarily "judicial" acts would fall outside the scope of immunity. (Pl's Compl. 6, ECF No.1); *see Mireles v. Waco*, 502 U.S. 9, 11–-12 (1991) (per curiam).

Though Steele argues that Judge Felix lacked jurisdiction to enter the orders, Steele's Complaint presents no facts to directly support this assertion or otherwise raise an inference of lack of jurisdiction. Judge Felix was at the time a judge in the Circuit Court of Hamilton County, Indiana. "The Circuit Court hears cases such as appeals from lower courts, contract disputes, civil torts, condemnations, worker's compensation claims, joint petition minor settlements, name changes, adoptions and domestic matters like divorce", (https://www.hamiltontn.gov/courts.aspx, last visited October 8. 2024), for example. Beyond the bald assertion of no jurisdiction in his Complaint, Steele does not otherwise allege facts indicating the case before Judge Felix was outside his jurisdiction. An example of a court acting without proper jurisdiction is seen where a probate court, with jurisdiction only over wills and estates, tries and sentences parties for public offenses. *See Bradley,* 80 U.S. at 352. Here, Steele has alleged nothing of the sort. Conversely, both Steele's Complaint, (Pl's Compl. 2-5, ECF No.1) and his response to Kreag-Williams's motion for judgement on the pleadings, allege that Judge Felix ordered attorneys' fees to punish

Steele for reporting opposing counsel to the Indiana bar association for attorney misconduct, (Pl's Resp. in Opp'n to Mot. for J. on the Pleadings 2, ECF No. 32.) He concludes that Judge Felix lacked jurisdiction to enter this sort of retaliatory order. (*Id.* at 4.) But Judge Felix's motives are irrelevant. Whether either order was entered maliciously or was substantively erroneous (and there is no reason to believe so), the Judge *still* maintains judicial immunity because the overarching act of entering attorneys' fees is judicial in nature. *See Bradley*, 80 U.S. at 336; *Mireles*, 502 U.S. 12–-13 ("the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself'") (quoting *Stump,* 435 U.S. at 362). Because Judge Felix is immune from suits for damages stemming from "judicial actions," Steele has failed to state a claim upon which relief may be granted and his complaint must be denied.

Steele has also requested that his state court judgement be vacated upon a finding in his favor. Because this is a remedy distinct from damages, it is worth a brief discussion. The Court is barred from vacating a state court judgement under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced. It ensures that lower federal courts do not exercise appellate authority over state courts. Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); and then citing *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736,

742 (7th Cir. 2016)).  The additional relief sought by Steele triggers the doctrine, so the Court is not empowered to grant it.

    ii.    Claim against Kathy Kreag-Williams

Steele improperly included Kreag-Williams, the Hamilton County Circuit Court clerk, in Steele's Complaint for the sole purpose of vacating his state court judgment.  Steele admits he has no facts to support a § 1983 claim against Kreag-Williams, (Pl's Response in Opposition to Mot. for J. on the Pleadings 4, ECF No. 32); therefore, his claim against Kreag-Williams must fail.

### III.    Conclusion

For the reasons discussed, the Court **grants** Judge Felix's Motion to Dismiss, (ECF No. 14), and Kreag-Williams's Motion for Judgment on the Pleadings, (ECF No. 19.)  The Clerk **shall enter final judgment consistent with this Order and close this case.**

SO ORDERED.

Date:    12/2/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHAEL C. STEELE
2900 N Government Way, P.O. Box 405
Coeur d'Alene, ID 83815

Alexander Thomas Myers
Office of Indiana Attorney General
alexander.myers@atg.in.gov

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov